```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

BENEDICT MOHIT,

     Plaintiff,

v.                                   Case No.: 8:20-cv-813-T-33SPF

MORRIS WEST, ANNE HUFFMAN,
HORACE WEST, JAYNE HALL, ROY
TYLER, DERIC FEACHER, FRED
REILLY, RICHARD GREENWOOD, and
MARK BENNETT,

     Defendants.
_____/
```

**ORDER**

This matter comes before the Court upon consideration of Defendants' Motion to Dismiss the complaint (Doc. # 26), filed on July 10, 2020. The Defendants are all City of Haines City officials, sued in their individual capacities.[1] Plaintiff Benedict Mohit filed a response in opposition on July 27, 2020. (Doc. # 32). For the reasons detailed below, the Motion is granted.

---

[1] The Defendants are the five individuals who make up the City Commission of Haines City, including the mayor and vice mayor, along with the city manager, city attorney, development services director, and deputy development services director. (Doc. # 26 at 1).

1

I.  **Background**

The parties and the Court are already well acquainted with the allegations raised by Mohit in this action as they are substantially the same as those allegations Mohit brought in another case against the City of Haines City, Mohit v. City of Haines City, Case No. 8:18-cv-1775-T-33JSS. Accordingly, the Court will only briefly summarize the allegations.

In May 2012, Mohit purchased property and began farming operations on the property. (Doc. # 1 at ¶ 9). In January 2013, Mohit's property was classified as agricultural lands. (Id. at ¶ 10). The property is also zoned R-2, or residential, by the City. (Id. at ¶ 20). On August 6, 2015, the City adopted Resolution No. 15-1153, a conditional use permit that allowed Mohit to conduct certain specific farming operations on his property. (Id. at ¶ 33).

Mohit claims that Defendants, as Haines City officials: (1) "purposely adopted and enforced" ordinances, regulations, rules, and policies that wrongfully limited the conduct of agricultural activities in the R-2 zoned residential district; (2) knew that the existing rules and regulations were wrongful and yet failed to amend them; and (3) "purposely adopted and enforced [the] LDR which . . . limit[s] the

conduct of Greenbelt farming to oppress such farming operations to gain astronomically higher tax revenues[.]" (Id. at ¶¶ 20-24).

Mohit therefore brings the following claims against Defendants in their individual capacities: violation of due process (Count I); violation of equal protection (Count II); violation of the federal Clean Water Act (CWA) (Count III); punitive damages for violating Florida law (Count IV); punitive damages for violating federal law (Count V); and violation of the Fair Housing Act (FHA) (Count VI). (Id. at 12-25).

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

> recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Generally, the Court must limit its consideration to well-pled factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

Defendants raise multiple arguments in support of their Motion, but the Court need only address one – that Mohit's complaint fails to meet the requisite pleading standards and is an impermissible shotgun pleading and, thus, fails to state a claim upon which relief may be granted. (Doc. # 26 at 6-13).

The Court liberally construes pro se pleadings. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006). "However,

the leniency afforded pro se litigants does not give the courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action." <u>Alhallaq v. Radha Soami Trading, LLC</u>, 484 F. App'x 293, 296 n.1 (11th Cir. 2012) (citing <u>GJR Inv., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in <u>Randall v. Scott</u>, 610 F.3d 701, 709 (11th Cir. 2010)).

Complaints that violate either Rule 8 or Rule 10, or both, are often referred to as "shotgun pleadings." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four types or categories of shotgun pleadings.

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. **Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible**

5

> **for which acts or omissions, or which of the defendants the claim is brought against.** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Id. at 1321–23 (emphasis added).

Upon careful review, Mohit's complaint falls into the fourth category of shotgun pleadings – those that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

Here, there are nine individual Defendants. And yet Mohit's complaint, with the following exceptions, lumps the Defendants together in his allegations of wrongdoing as "Commissioners" and/or "Officials." See, e.g., (Doc. # 1 at ¶¶ 12, 20-22, 50, 99).

- Mohit alleges that, in 2014, City Attorney Fred Reilly affirmed in a state trial pleading that the City acknowledged that a Florida statute provides the express limitation that a city may not exercise its powers to limit activity on a bona fide farm. (Id. at ¶¶ 16, 47);

6

- Mohit alleges that Reilly "approved and executed" both Mohit's conditional use permit and an allegedly more liberal permit granted to a neighbor. (Id. at ¶¶ 36-37);

- On July 1, 2014, Mohit met with Richard Greenwood, the City's Development Services Director, and Mark Bennett, the Deputy Development Services Director, who "threatened" Mohit with fines and a lien on his property if he continued to operate his farm in a R-2 zoned district without obtaining a land development permit. (Id. at ¶¶ 45, 101).

- Mohit alleges that Bennett insisted that Mohit must apply for a permit and told Mohit what to put on his application to improve his chances of the permit being approved; Bennett also allegedly informed Mohit that the City can adopt and enforce stricter provisions for farm operations than state law. (Id. at ¶ 46).

- On October 20, 2015, Reilly admitted that the LDR [the City resolution making Mohit's property and surrounding land R-2 zoned land] needed to be

> revised in order to comply with certain Florida statutes. (Id. at ¶ 51).

The complaint contains no allegations whatsoever specifically pertaining to Defendants Morris West, Horace West, Anne Huffman, Jayne Hall, Roy Tyler, or Deric Feacher.

What's more, the allegations listed above are insufficient to state a claim against any of the individual defendants because Mohit fails to connect these actions to the elements of his causes of action. Without more detail about what each defendant is alleged to have done that violated the law or Mohit's rights, the complaint commits the cardinal sin of shotgun complaints – it fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. See Weiland, 792 F.3d at 1323; see also Fed. Deposit Ins. Corp. v. Portnoy, No. 8:13-cv-01124-T-27MAP, 2013 WL 12157160, at *1 (M.D. Fla. Aug. 9, 2013) ("Sifting through at least 108 paragraphs of allegations for each claim against each Defendant is a laborious and wasteful process. And by lumping Defendants together into multiple claims, yet failing to differentiate the allegations applicable to each Defendant, the Complaint fails to place Defendants on fair notice of the claims against them.").

For these reasons, the Court agrees with Defendants that Mohit's complaint is due to be dismissed.

Before closing, the Court notes one of Defendants' other principal arguments: that the present complaint ought to be dismissed with prejudice because it is duplicative of other unsuccessful lawsuits that Mohit has commenced, including a case that was just recently before this Court. (Doc. # 26 at 13-18). The Court notes that the previous federal case, Case No. 8:18-cv-1775-T-33JSS, is currently on appeal to the Eleventh Circuit. Given the marked similarity between the claims asserted by Mohit in that case and the instant case, the Court believes it prudent at this juncture to stay and administratively close this action pending the Eleventh Circuit's disposition of the appeal. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In exercising its discretion to issue this stay, the Court has considered numerous factors, including: "(1)

whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." <u>Warren v. Cook Sales, Inc.</u>, No. CV 15-0603-WS-M, 2016 WL 10807227, at *1 (S.D. Ala. Mar. 10, 2016).

The case here is at an early stage – a motion to dismiss was recently filed and the case management and scheduling order was entered only two weeks ago. Nor will a stay unduly prejudice or disadvantage either party. Instead, the third and fourth factors strongly weigh in favor of a stay – once the Eleventh Circuit issues its opinion in the earlier case against the City, the issues and arguments may be streamlined and the burden on the parties and the Court will ease with guidance from the appellate court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Dismiss the complaint filed by Plaintiff Benedict Mohit (Doc. # 26) is **GRANTED.**

(2) Plaintiff Benedict Mohit's complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE.**

(3) Furthermore, this matter is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the Eleventh Circuit Court of Appeals' disposition of the pending appeal in <u>Mohit v. City of Haines City</u>, Case No. 8:18-cv-1775-T-33JSS. The parties are directed to alert the Court when the Eleventh Circuit issues its opinion in that appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of August, 2020.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE